IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| MOHAMMAD ALHAMMAD on behalf of himself and others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BOMBORA #3 LLC, a/k/a BOMBORA FISH AND CHICKEN, f/k/a SHARXS FISH & CHICKEN, LLC, <br><br> Defendant. | CIVIL ACTION NO.: _____ <br><br> JURY TRIAL DEMANDED <br><br> COLLECTIVE ACTION |

## COLLECTIVE ACTION COMPLAINT

### I. SUMMARY

1. Bombora #3 LLC, also known as Bombora Fish and Chicken, and formerly known as Sharxs Fish & Chicken, LLC (hereinafter, collectively, "Bombora"), is a restaurant located in Memphis, Tennessee, is violating the Fair Labor Standards Act ("FLSA") by forcing its employees to work a substantial amount of overtime without properly paying all compensation due, thus depriving them of rightful compensation for their work that Bombora is legally obligated to pay.

2. Plaintiff Mohammad Alhammad worked for Bombora as a cook and restaurant worker at Bombora's restaurant location in Memphis, Tennessee and was damaged by this illegal policy or practice. Plaintiff was denied the compensation he was due under the FLSA. Plaintiff brings this lawsuit on behalf of himself and all other

1

similarly situated current or former, hourly-paid Bombora restaurant workers, including cooks and dishwashers, to recover unpaid wages and overtime compensation, liquidated damages, attorneys' fees, and costs owed to him individually and on behalf of other similarly situated individuals.

## II. JURISDICTION AND VENUE

3. This Court has original subject matter jurisdiction under 28 U.S.C. § 1331 because Plaintiff's claims arise under federal law, namely the FLSA, 29 U.S.C. § 201 *et seq.*

4. Venue is proper because a substantial part of the acts and omissions giving rise to Plaintiff's claims occurred in the Western District of Tennessee. 28 U.S.C. § 1391(b)(2).

## III. THE PARTIES

5. Plaintiff Alhammad worked as a restaurant worker for Bombora at its Memphis, Tennessee restaurant location. He worked primarily as a cook where he prepared and cooked the food, but he also assisted with cleaning the restaurant, bussing tables, and dishwashing. He regularly worked in excess of 40 hours per week without receiving all the compensation that he was due under the FLSA. Plaintiff Alhammad's consent is attached as Exhibit A.

6. The class of similarly situated employees consists of all current and former hourly-paid restaurant workers, including cooks and dishwashers who were employed by Bombora during the three-year period preceding the filing of this Complaint. These similarly situated individuals are referred to as the "Members of the Class" or "the Class."

7. Defendant Bombora #3 LLC is a Domestic for Profit Limited Liability Company with a principal place of business at 1352 E. Shelby Dr., Memphis, Tennessee 38125, that is engaged in commerce in the United States and is otherwise subject to the FLSA. Bombora employed Plaintiff within the meaning of the FLSA. Bombora may be served with process by serving its Registered Agent, Bombora #3 LLC at 1352 E. Shelby, Dr., Memphis, Tennessee 38116.

## IV. BACKGROUND

8. Bombora owns a restaurant located in Memphis, Tennessee, where Plaintiff worked. Upon information and belief, Bombora employs other restaurant workers similarly situated to Plaintiff to cook, prepare food, buss tables, wash dishes, and clean the restaurant.

9. Upon information and belief, Bombora paid its restaurant workers straight-time pay only (no overtime) for all hours worked in excess of 40 hours per week. Additionally, upon information and belief, Plaintiff and Members of the Class were not paid minimum wage for all hours they worked per week. As a result, Bombora failed to properly compensate such employees under the FLSA.

## V. PLAINTIFF'S INDIVIDUAL ALLEGATIONS

### A. *Bombora Failed to Properly Pay Regular and Overtime Compensation.*

10. Plaintiff worked for Bombora as a restaurant worker, where he prepared and cooked the food, assisted with cleaning the restaurant and bussing tables, as well as washed dishes. During his employment, Plaintiff frequently worked seven consecutive days during a workweek, from approximately 10:00 a.m. to 12:00 a.m. Plaintiff was given one morning off per week. In a workweek, Plaintiff often worked approximately 75 or more hours.

11. Bombora paid Plaintiff on a weekly basis, at a regular rate of $12 per hour. However, Bombora paid Plaintiff straight-time only (no overtime) for all hours worked in excess of 40 hours per week, regardless of the number of hours suffered or permitted to work. Additionally, upon information and belief, Plaintiff did not receive any compensation for the last two weeks he worked for Bombora. As a result, Bombora failed to pay Plaintiff at least minimum wage for all hours worked and failed to pay overtime compensation, as required by the FLSA.

12. The FLSA requires Bombora to pay hourly compensation for each hour an employee is suffered or permitted to work, and to pay overtime compensation at one and a half times Plaintiff's regular rate of pay for each hour Plaintiff worked in excess of 40 hours in a week. Bombora should have paid Plaintiff for 40 hours of regular pay and at least 35 hours or more of overtime in a typical workweek, but Bombora failed to pay Plaintiff that amount.

13. By failing to pay Plaintiff as described above, Bombora has deprived Plaintiff of a significant amount of regular and overtime compensation to which he is rightfully entitled.

### B. *Bombora Willfully Violated the FLSA.*

14. The FLSA and Department of Labor regulations require that individuals receive at least minimum wage for all hours suffered or permitted to work. In addition, the FLSA and Department of Labor regulations set forth the proper means for calculating and paying minimum wage and overtime compensation to non-exempt employees like Plaintiff. Bombora failed to follow these rules when paying Plaintiff.

15. Bombora had a policy and/or practice of paying its employees for only a portion of the regular time and overtime they worked at the proper rate, instead of paying them the regular rate for all hours actually worked and time and one-half for all overtime hours worked in a given week.

16. Bombora knows or has shown reckless disregard for the requirements of the FLSA with respect to compensation for Plaintiff.

## VI. COLLECTIVE ACTION ALLEGATIONS

17. Plaintiff is aware that Bombora's illegal policies or practices have been imposed upon Members of the Class. Like Plaintiff, the Members of the Class are employed by Bombora as restaurant workers, including cooks and dishwashers, where they

prepare and cook the food, as well as maintain the restaurant. The Members of the Class perform job duties similar to Plaintiff, as described above.

18. As with Plaintiff, Members of the Class frequently worked seven consecutive days in a workweek. Thus, upon information and belief, Member of the Class frequently worked approximately 75 hours or more per week.

19. As with Plaintiff, Members of the Class are paid weekly. Upon information and belief, the Members of the Class are also not properly paid for all hours suffered or permitted to work, as described above with regard to Plaintiff.

20. Bombora's failure to properly compensate Plaintiff and Members of the Class results, upon information and belief, from a generally applicable policy and/or practice. Specifically, upon information and belief, it is a policy and/or practice at Bombora to pay its employees for less than all of the regular and overtime hours a restaurant worker is suffered or permitted to work. As such, the Members of the Class are owed additional regular time and overtime compensation for precisely the same reasons as Plaintiff.

21. Accordingly, the class of similarly situated plaintiffs is properly defined as:

> **All current and former hourly restaurant workers, including cooks and dishwashers, who were employed by Bombora during the three-year period preceding the filing of this complaint.**

22. Members of the Class should be notified of this lawsuit and given the opportunity to opt-in if they so desire.

23. Notice from this Court should be expedited to protect these workers from losing a portion of their damages due to the running of the statute of limitations.

## VII. CAUSES OF ACTION

24. The preceding paragraphs are incorporated by reference.

25. As set forth above, Bombora violated the FLSA with respect to Plaintiff and Members of the Class by failing to pay at least minimum wage for all hours suffered or permitted to work in a week and by failing to provide proper overtime pay for all hours worked in excess of 40 hours in a week. 29 U.S.C. §§ 206, 207.

26. Plaintiff and Members of the Class are entitled to recover at least a minimum wage for all hours worked as well as overtime compensation, at one and one-half times their regular rate of pay, for all hours worked in excess of 40 hours in a week.

27. In addition, Plaintiff and Members of the Class are entitled to liquidated damages in an amount equal to their unpaid wages and overtime wages.

28. Moreover, Plaintiff and Members of the Class are entitled to reasonable attorneys' fees and costs. 29 U.S.C. § 216 (b).

## VIII. JURY DEMAND

29. Plaintiff demands a jury trial. Any required jury fee has been or will be timely paid.

# PRAYER

WHEREFORE, Plaintiff requests that this Court award them and Members of the Class judgment against Bombora #3 LLC for:

1. damages for the full amount of their unpaid wages;

2. damages for the full amount of their unpaid overtime compensation;

3. an amount equal to their unpaid wages and unpaid overtime compensation as liquidated damages;

3. reasonable attorneys' fees, costs and expenses of this action;

4. pre-judgment and post-judgment interest at the highest rate allowed by law; and

5. such other and further relief as may be allowed by law.

Respectfully submitted this the 6th day of January, 2017.

/s/ H. Douglas Nichol
H. Douglas Nichol, Esq. (BPR # 005080)
Nichol & Associates
6759 Baum Drive
Knoxville TN 37919
(865) 622-7739
dnichol@nicholassociates.com

Robert W. Cowan, Esq. (to be admitted *Pro Hac Vice*)
Bailey Peavy Bailey Cowan Heckmann PLLC
440 Louisiana Street, Suite 2100
Houston TX 77002
(713) 425-7100
rcowan@bpblaw.com